**E-FILED**
Wednesday, 11 April, 2007  03:28:40 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BORDER MAGIC LLC and E. BERGMAN | ) | |
| COMPANY d/b/a/ BORDER MAGIC, | ) | |
| | ) | 04-2144 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JUDY HOWARD, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

After the defendant, Judy Howard, failed to enter an appearance in this case, the court found her in default and entered a default judgment. The plaintiffs were awarded the sum of $25,960 for delinquent franchise fees, attorney fees and court filing costs. The court also ordered the defendant not to interfere with the Border Magic trademark.

The plaintiffs then sought to enforce the judgment against Howard, who lives in Ohio. Howard claims she first learned of the lawsuit when funds from her bank account were seized. Thereafter, she filed a motion to quash service of process.

The court held two evidentiary hearings to determine whether Howard was properly served with the summons and complaint. During the second hearing, the court noted that a review of the pleadings, responses, and the testimony of Judy Howard, John Howard and Eldeen Bergman suggested that the court had no subject matter jurisdiction over this case, an issue the defendant had not raised. The parties were ordered to file memoranda on this issue. They have now done so.

Lack of subject matter jurisdiction may be raised at any time – even after the case is concluded. In their amended complaint, the plaintiffs asserted subject matter jurisdiction based on the existence of a federal question – trademark infringement – (28 U.S.C. § 1331 and 15 U.S.C. § 1051), diversity of citizenship (28 U.S.C. § 1332), and supplemental jurisdiction over the state law claims (28 U.S.C. § 1367).[1]

The franchise agreement specifies that it "be interpreted and construed under the laws of the State of Illinois without regard to its internal conflicts of law, except to the extent governed

---

[1] The complaint states, "the contract . . . specifies the obligations of the parties[.]"

by the United States Trademark Act of 1946 (or other superseding federal law or as otherwise dictated by franchise statutes applicable in the Territory." Franchise Agreement Section 19.10. This statement, alone, is insufficient to place the dispute in federal court. "[When the] dispute arises under the law of contracts[,] any trademark issues are entirely derivative of the contract issues." *International Armor & Limousine Co. v Moloney Coachbuilders, Inc*., 272 F.3d 912, 916 (7th Cir. 2001). When the issues "are all about contract and trademark receives scarcely a sidelong glance," the claim does not arise under federal law. *International Armor*, 272 F.3d at 915-16; *see also* 28 U.S.C. § 1331 (giving to the district court jurisdiction "of all civil actions *arising under* " federal law). And that is precisely the situation in this case: the parties entered into a franchise agreement which, among other things, gave the defendant a right to use the plaintiffs' trademark. The parties' testimony failed to indicate the existence of any trademark infringement. Consequently, the plaintiffs' claims are purely state law claims.

Absent a federal question, the court may exercise jurisdiction over this case if the parties are of diverse citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. In this case, the plaintiffs alleged an amount in controversy exceeding $75,000. Normally, "plaintiffs [receive] the benefit of the doubt in these matters, but a complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 978 (7th Cir. 2000) (internal citations omitted). But in this case, the plaintiffs sought and received a default judgment significantly less than the amount claimed to be in controversy. The court would view more favorably a situation where a plaintiff reasonably sought more than $75,000 and was awarded significantly less at trial. But in this default judgment, the plaintiffs did nothing more than assert to the court that the damages amounted to a particular sum. In the absence of testimony to the contrary and after a determination that the amount sought was reasonable, the court awarded the sum *actually sought by the plaintiff.*

The court concludes that it lacks subject matter jurisdiction over this action. Consequently, the default judgment entered on April 22, 2005, is nugatory and all moneys seized pursuant to that judgment are to be restored to the defendant within seven days of the date of this order.

Federal Rule of Civil Procedure 11 states, in relevant part, "By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading . . . an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances – . . . the allegations and other factual contentions have evidentiary support [.]" Fed. R. Civ. P. 11(b)(3). Significant allegations contained in the complaint appear to have been made without reasonable inquiry. The court is particularly concerned with the allegation in the amended complaint that the defendant refused to return Border Magic's equipment. The plaintiff himself admitted this was untrue, and the statement is of such significance that one is not likely to allege this by mistake. The court can only presume that the plaintiffs knew this had no evidentiary support  when they filed the amended complaint.

2

Consequently, the plaintiffs are ruled to show cause why they should not be sanctioned pursuant to Federal Rule of Civil Procedure 11.  A show cause hearing will be held on April 27, 2007, at 2:00 p.m. by personal appearance.  The defendant shall file a petition for attorney fees and costs, including the costs of travel for the defendant and her witnesses to appear before this court.  The rule will be discharged if the plaintiffs file a notice to the court that they do not contest the defendant's petition for attorney fees and costs.

<u>CONCLUSION</u>

This case is dismissed for want of subject matter jurisdiction.  The default judgment is vacated and all amounts seized from the defendant pursuant to that judgment are to be restored to her on or before April 18, 2007.  Plaintiffs' counsel is ruled to show cause why sanctions should not be imposed pursuant to Fed. R. Civ. P. 11.  A hearing on the rule to show cause will be held on April 27, 2007 at 2:00 p.m. by personal appearance.  The defendant shall file, on or before April 20, 2007, a petition for attorney fees and costs, including the costs of travel for the defendant and her witnesses to appear before this court.  The rule will be discharged if, on or before April 27, 2007, the plaintiffs file a notice stating that they do not contest the defendant's petition for attorney fees and costs.

Entered this 11th day of April, 2007.

**s\Harold A. Baker**

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE

3